■ J. Douglas Maxwell, Appellant, v Swissray Interna-
tional, Inc., Respondent. [746 NYS2d 300]

In connection with the purchase of Empower, a corporation owned by plaintiff Maxwell, defendant issued to Maxwell 80,000 shares of Swissray stock as consideration. Defendant also agreed to issue 30,000 "additional shares" if certain performance goals were met by Empower during its next two fiscal years. The purchase agreement contains an adjustment clause that requires plaintiff to give back shares in proportion to the extent that Empower's financial statements overstate its worth. The contract further affords plaintiff the right to put to defendant all Swissray shares issued to him at the closing "plus, if issued, the Additional Shares" at $4 a share.

When Maxwell asserted his claim to the 30,000 additional shares of Swissray stock, defendant disputed his entitlement and also contested the accuracy of Empower's financial statements. The dispute was subsequently resolved pursuant to a written agreement. Plaintiff consented to accept an additional 15,000 shares, for which he released defendant from all claims "solely with respect to * * * the Maxwell Stock Claim." The present controversy arose when plaintiff sought to exercise the contract's put option with respect to all Swissray shares issued to him.

At issue is whether the 15,000 shares issued to plaintiff in settlement of his claim constitute "additional shares" within the meaning of the contract so as to be subject to its put provision. Plaintiff argues that because the shares were issued in settlement of a dispute over his entitlement to receive the "additional shares" specified in the contract, the 15,000 shares received pursuant to the settlement agreement are within the ambit of the provision. Defendant argues that in the absence of any language in the release designating these shares as "additional shares," they are not subject to the put provision.

The fair construction of the purchase agreement is that plaintiff may exercise the put option with respect to all shares issued to him in connection with the sale. The purchase agreement does not define "additional shares" or assign them any separate status, and the use of the term seems to be merely to distinguish them from the 80,000 shares that were issued

without reference to the performance requirement. As the shares in dispute are clearly "additional" to the 80,000 shares comprising the basic consideration, they are subject to the put provision. Furthermore, the release is limited to plaintiff's stock claim, no part of which concerned the exercise of the put option. Had defendant desired to create a category of shares not subject to the put provision, it should have done so expressly, either in the purchase contract or in the settlement and release agreement. Concur—Williams, P.J., Andrias, Lerner, Rubin and Friedman, JJ.